IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:17-cv-1578

STUART SWANSON and TRAVIS SAKOWSKI, on behalf of themselves and
all similarly situated persons,

 Plaintiffs,

vs.

CATHEDRAL ENERGY SERVICES, INC., a
Delaware corporation,

 Defendant.

---

# DEFENDANT CATHEDRAL ENERGY SERVICES, INC.'S
# NOTICE OF REMOVAL

---

Defendant, Cathedral Energy Services, Inc. (Defendant or Cathedral), by and through its undersigned attorneys and pursuant to 28 U.S.C. § 1331, files this Notice of Removal from the District Court for Denver County, Colorado (Denver District Court.), in which the above-captioned action, styled *Stuart Swanson and Travis Sakowski v. Cathedral Energy Services, Inc.*, Case No. 2017-cv-30902, is now pending, to the United States District Court for the District of Colorado. Removal jurisdiction exists pursuant to 28 U.S.C. § 1331. Defendant respectfully asserts the following facts to support removal:

## I.
## PLEADINGS/SERVICE/PROCEEDINGS

1. On March 9, 2017, Plaintiffs Stuart Swanson and Travis Sakowski ("Plaintiffs") initiated this action by filing a Civil Case Cover Sheet and a Class Action Complaint ("Complaint") in the Denver District Court. A true and correct copy of the Complaint and State Court Civil Case Cover Sheet are attached as Exhibits A and B, respectively. In the Complaint,

Plaintiffs assert claims for relief under the FLSA, 29 U.S.C. § 201, et seq. and other state law claims. *See* Ex. A, Compl. ¶¶ 12-50.

2. Defendant's registered agents were served with a Summons and Complaint on June 8, 2017. A true and correct copy of the Returns of Service and Summons are attached as Exhibits C and D, respectively. This was the first date by which Defendant had receipt, through service or otherwise, of the "initial pleading setting for the claim for relief," or the "summons," within the meaning of 28 U.S.C. § 1446(b).

3. A copy of the current register of actions is attached as Exhibit E.

4. A trial date has not been set.

5. The documents attached to this Notice of Removal constitute all of the "process, pleadings and orders" that have been filed with the State Court or served on Defendant within the meaning of 28 U.S.C. § 1446(a): case docket (Exhibit E), Complaint (Exhibit A); Civil Case Cover Sheet (Exhibit B), Delay Reduction Order (Exhibit F), Order to Show Cause (Exhibit G), Motion for Extension of Time to Complete Service (Exhibit H), Order re Motion for Extension of Time to Complete Service (Exhibit I), Summons (Exhibit D), and Notice of Filing of Return of Service (Exhibit J).[1]

6. By filing the current register of actions and the documents filed in the State Court, Defendant certifies that it has fully complied with D.C.Colo.LCivR 81.1.

7. Defendant's Corporate Disclosure Statement is also being filed, as required by Fed. R. Civ. P. 7.1 and D.C.COLO.LCivR 7.4.

---

[1] The Case Docket reflects that Plaintiffs filed three exhibits to their Complaint under seal.

## II.
## FEDERAL QUESTION JURISDICTION

7. For a case to be removable from state court, the federal court must have jurisdiction. *See* 28 U.S.C. § 1441 (generally identifying removable actions). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § l441(a).

8. Specifically, Plaintiffs have alleged claims against Defendant on behalf of themselves and "similarly situated persons" under the FLSA, 29 U.S.C. § 201, et seq. *See* Ex. A, Compl. ¶¶ 42-50. Because Plaintiffs FLSA claims raise a federal question, jurisdiction in this court is appropriate pursuant to 29 U.S.C. *§* 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

9. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

## III.
## VENUE

10. Before removal to this Court, this action was pending in the District Court, County of Denver, State Of Colorado. Accordingly, under 28 U.S.C. § 85 and § 1441 (a), the United States District Court for the District of Colorado is the proper venue for removal.

## IV.
## TIMELINESS OF REMOVAL

11. Thirty days have not elapsed since on or after June 8, 2017, the date on which Defendant was served with the Complaint in Case No. 2017-cv-30902. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

## V.
## STATE COURT TO BE NOTIFIED

12. Pursuant to 28 U.S.C. § 1446(d), Defendant will file, on this same date, a Notice of Removal to Federal Court, in which the State Court will be notified of the removal of this action to this Court. A copy of the State Notice of Removal is attached as Exhibit K.

## IV.
## CONCLUSION

For the reasons set forth above, Defendant respectfully removes this action from the District Court for Denver County, Colorado, to the United States District Court for the District of Colorado.

Respectfully submitted this 28 day of June 2017.

*/s/ David Jordan*
David Jordan
LaDelle Davenport
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: 713.652.4784
Facsimile: 713.951.9212
Email: djordan@littler.com
      ldavenport@littler.com

Margaret Parnell Hogan, No. 38498
Michelle L. Gomez, No. 41542
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
Telephone: 303.629.6200
Facsimile: 303.629.0200
Email: mphogan@littler.com
      mgomez@littler.com

**ATTORNEYS FOR DEFENDANT
CATHEDRAL ENERGY SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 28 day of June 2017, a true and correct copy of the foregoing was filed and served via CM/ECF which will send a copy to the following:

Brian D. Gonzales
The Law Offices of Brian D. Gonzales, PLLC
242 Linden Street
Fort Collins, CO 80524
Telephone: 970.214.0562
Email: BGonzales@ColoradoWageLaw.com

*/s/ David Jordan*
David Jordan