# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT,<br>DENVER COUNTY, COLORADO<br>1427 Bannock Street<br>Denver, Colorado 80202<br><br>**PLAINTIFFS:** STUART SWANSON and TRAVIS SAKOWSKI, on behalf of themselves and all similarly situated persons,<br><br>v.<br><br>**DEFENDANT:** CATHEDRAL ENERGY SERVICES INC., a Delaware corporation. | DATE FILED: March 9, 2017 12:21 PM<br>FILING ID: 8BA6E94AF16F1<br>CASE NUMBER: 2017CV30902<br><br><br>Δ   COURT USE ONLY   Δ |
| Attorneys for Plaintiffs:<br>Brian D. Gonzales, Atty. Reg. # 29775<br>THE LAW OFFICES OF BRIAN D. GONZALES, PLLC<br>242 Linden Street<br>Fort Collins, Colorado 80524<br>Telephone: (970) 214-0562<br>BGonzales@ColoradoWageLaw.com | Case Number:<br><br><br><br><br><br>Ctrm/Div: |
| **CLASS ACTION COMPLAINT** ||

Plaintiffs Stuart Swanson and Travis Sakowski, by and through undersigned counsel, individually and on behalf of all others similarly situated, file this *Class Action Complaint* against Cathedral Energy Services Inc. ("Cathedral").

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs are individuals and former employees of Cathedral. Plaintiff Swanson is a resident of the State of Montana and Plaintiff Sakowski is a resident of the State of Colorado.

2. Defendant Cathedral Energy Services Inc. is a corporation organized under the laws of the State of Delaware with its corporate office located at Suite 300, 1801 Broadway Street, Denver, Colorado 80202. At all times relevant to this action, Cathedral has been located in and has conducted business in the State of Colorado.

3. Venue in this Court is proper pursuant to C.R.C.P. 98 because Cathedral may be found in this County,

4. This Court has jurisdiction over the parties and subject matter of this action pursuant to C.R.S. §13-1-124.

## FACTUAL BACKGROUND

5.     Cathedral, the United States subsidiary of a Canadian company, provides oilfield services to oil companies in various states. Plaintiffs worked for Cathedral in Colorado, North Dakota, Wyoming, Pennsylvania and Montana.

6.     Although Plaintiffs were required to work more than forty (40) hours per week, and did so frequently, Plaintiffs were not compensated at "time and one-half" their regular rate of pay for all of their overtime hours.

7.     Plaintiffs' work for Cathedral consisted of manual labor and neither Plaintiff is exempt from applicable overtime laws.

8.     On information and belief, none of Cathedral's non-exempt field laborers were paid properly for their time worked.

## CLASS ACTION ALLEGATIONS

9.     Plaintiffs bring this action as a C.R.C.P. 23 class action, on behalf of themselves and on behalf of a Class for which Plaintiffs seek certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the class as follows:

**ALL CURRENT OR FORMER NON-EXEMPT EMPLOYEES OF CATHEDRAL WHO WERE NOT COMPENSATED PROPERLY FOR ALL OVERTIME HOURS WORKED WITHIN THE APPLICABLE STATUTE OF LIMITATIONS.**

10.    This action is properly brought as a class action for the following reasons:

   a.   The Class is so numerous that joinder of all Class Members is impracticable. On information and belief, there are more than 100 members in the proposed class.

   b.   Numerous questions of law and fact regarding the liability of Cathedral are common to the Class and predominate over any individual issues which may exist.

   c.   Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Cathedral that caused harm to all Class Members.

   d.   The claims asserted by Plaintiffs are typical of the claims of Class

        Members and the Class is readily ascertainable from Cathedral's records. Plaintiffs were subjected to the same rules and policies as all other Cathedral oil field workers that form the basis of the alleged violation. Cathedral applied its policy to them just as it did with all Class Members.

e.    Plaintiffs will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiffs. Plaintiffs are committed to this action and has no conflict with the class members. Furthermore, Plaintiffs are represented by experienced class action counsel.

f.    Questions of fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

11.    For the foregoing reasons, Plaintiffs also seek certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiffs because their claims are nearly identical to those of other Class Members. Plaintiffs and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and were subject to Cathedral's common practice, policy or plan regarding employee wages and hours.

### FIRST CLAIM FOR RELIEF
### (Violation of the Colorado Wage Claim Act, §8-4-101, *et seq.*)

12.    Plaintiffs incorporate by reference all of the above paragraphs.

13.    At all material times, Cathedral has been an "employer" within the meaning of the Colorado Wage Claim Act, §8-4-101, *et seq.*

14.    At all material times, Cathedral has employed "employees," including Plaintiffs and Class Members, within the meaning of the Colorado Wage Claim Act, §8-4-101, *et seq.*

15.    Cathedral was Plaintiffs' "employer" within the meaning of the Colorado Wage Claim Act, §8-4-101, *et seq.*

16.    As a result of the foregoing conduct, as alleged, Cathedral has failed to pay all wages due under state and federal laws, thereby violating, and continuing to violate, the Wage

Claim Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

17. As a result, Plaintiffs have been damaged in an amount to be determined at trial. Plaintiffs hereby demand payment on behalf of themselves and all Class Members in an amount equal to all earned unpaid overtime compensation owed. This demand for payment is continuing and is made on behalf of any current Cathedral employees whose employment terminates at any time in the future. Such payment should be made in care of undersigned counsel at the listed address.

## SECOND CLAIM FOR RELIEF
### (Violation of the Colorado Minimum Wage Act, §8-6-101, *et seq.*)

18. Plaintiffs incorporate by reference all of the above paragraphs.

19. At all relevant times, Cathedral has been, and continues to be, an "employer" within the meaning of the Colorado Minimum Wage Act.

20. At all relevant times, Cathedral has employed, and continues to employ, "employees", including Plaintiffs, within the meaning of the Minimum Wage Act.

21. Plaintiffs were employees of Cathedral within the meaning of the Minimum Wage Act.

22. As a result of the foregoing conduct, as alleged, Cathedral has violated, and continues to violate, the Minimum Wage Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

23. As a result, Plaintiffs and Class Members have been damaged in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### (Violation of North Dakota Wage Law, N.D.C.C. §34-01, *et seq.*; N.D.A.C. §46)

24. Plaintiffs incorporate by reference all of the above paragraphs.

25. At all relevant times, Cathedral has been, and continues to be, an "employer" within the meaning of the North Dakota Wage Law.

26. At all relevant times, Cathedral has employed, and continues to employ, "employees", including Plaintiffs, within the meaning of the North Dakota Wage Law.

27. Plaintiffs were employees of Cathedral within the meaning of the North Dakota Wage Law.

28. As a result of the foregoing conduct, as alleged, Cathedral has failed to pay all wages due and has violated, and continues to violate, the North Dakota Wage Law. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

29. As a result, Plaintiffs and Class Members have been damaged in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
(Violation of Wyoming Wage Law, Wy. Stat. Title 27)

30. Plaintiffs incorporate by reference all of the above paragraphs.

31. At all relevant times, Cathedral has been, and continues to be, an "employer" within the meaning of the Wyoming Wage Law.

32. At all relevant times, Cathedral has employed, and continues to employ, "employees", including Plaintiffs, within the meaning of the Wyoming Wage law.

33. Plaintiffs were employees of Cathedral within the meaning of the Wyoming Wage Law.

34. As a result of the foregoing conduct, as alleged, Cathedral has failed to pay all wages due and has violated, and continues to violate, the Wyoming Wage Law. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

35. As a result, Plaintiffs and Class Members have been damaged in an amount to be determined at trial.

### FIFTH CLAIM FOR RELIEF
(Violation of Pennsylvania Wage Law, 43 P.S. §§ 333.101, *et seq.*)

36. Plaintiffs incorporate by reference all of the above paragraphs.

37. At all relevant times, Cathedral has been, and continues to be, an "employer" within the meaning of the Pennsylvania Wage Law.

38. At all relevant times, Cathedral has employed, and continues to employ, "employees", including Plaintiffs, within the meaning of the Pennsylvania Wage Law.

39. Plaintiffs were employees of Cathedral within the meaning of the Pennsylvania Wage Law.

40. As a result of the foregoing conduct, as alleged, Cathedral has failed to pay all wages due and has violated, and continues to violate, the Pennsylvania Wage Law. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

41. As a result, Plaintiffs and Class Members have been damaged in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF
(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)

42. Plaintiffs incorporate by reference all of the above paragraphs.

43. At all relevant times, Cathedral has been, and continues to be, an "employer" within the meaning of the FLSA.

44. Cathedral is an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA.

45. At all relevant times, Cathedral has had gross annual volume of sales in excess of $500,000.

46. At all relevant times, Cathedral has employed, and continues to employ, non-exempt "employees," including Plaintiffs. Plaintiffs consent to sue in this action pursuant to 29 U.S.C. §216(b).

47. Plaintiffs were employees of Cathedral within the meaning of the FLSA.

48. While employed by Cathedral, Plaintiffs were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

49. As a result of the foregoing conduct, as alleged, Cathedral has violated, and continues to violate, the FLSA, 29 U.S.C. §201, et seq. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

50. As a result, Plaintiff and Class Members has been damaged in an amount to be determined at trial.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in favor of themselves and Class Members and against Cathedral as follows:

1. Determining that the action is properly maintained as a class action, certifying Plaintiffs as the class representatives, and appointing Plaintiffs' counsel as counsel for Class Members;

2. Ordering prompt notice of this litigation to all potential Class Members;

  3. Awarding Plaintiffs and Class Members declaratory and/or injunctive relief as permitted by law or equity;

  4. Awarding Plaintiffs and Class Members their compensatory damages, attorneys' fees and litigation expenses as provided by law;

  5. Awarding Plaintiffs and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

  6. Awarding Plaintiffs and Class Members liquidated damages and/or statutory penalties as provided by law; and

  7. Awarding Plaintiffs and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 9th day of March, 2017.

*s/Brian D. Gonzales*

Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
242 Linden Street
Fort Collins, Colorado 80524

*Counsel for Plaintiffs*

Plaintiffs' Addresses
Stuart Swanson
4900 4th Street West.
Havre, Montana 59501

Travis Sakowski
13241 East Asbury Drive
Aurora, Colorado 80014