# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
### Judge Daniel D. Domenico

Case No. 17-cv-01578-DDD

STUART SWANSON, and
TRAVIS SAKOWSKI, on behalf of themselves
and all similarly situated persons,

Plaintiffs,

v.

CATHEDRAL ENERGY SERVICES, INC.

    Defendant.

---

## ORDER APPROVING SETTLEMENT AGREEMENT

---

Plaintiffs brought this action asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the wage laws of Colorado, North Dakota, Wyoming, and Pennsylvania. The matter is before the Court on the parties' joint motion for approval of their settlement agreement, which resolves all claims. (Docs. 50, 50-1.) The Court **APPROVES** the settlement and **GRANTS** the motion.

## I.    BACKGROUND

The following background is drawn from the parties' joint motion. Plaintiffs Stuart Swanson and Travis Sakowski worked in the oilfields for Defendant Cathedral Energy Services, Inc. as hourly supervisors and operators. On March 9, 2017, they filed this putative class and collective action in state court to recover

unpaid overtime on behalf of themselves and other similarly situated employees. Cathedral Energy then removed the lawsuit here.

On December 22, 2017, Plaintiffs moved to certify an FLSA collective action and allow them to send notice of the lawsuit to current and former employees of Defendant who might have claims. The Court granted the motion, sixty-nine former supervisors and operators joined the case, and the parties commenced settlement negotiations. They exchanged information regarding each of the class members in order to evaluate the claims and estimate damages.

Although the rates of pay and length of employment for the class members were unchallenged, the parties did dispute: (1) the number of overtime hours worked; (2) the applicable statute of limitations; and (3) the availability of FLSA liquidated damages and/or state law penalties. Once all necessary payroll data and other discovery information was exchanged, the parties engaged in a day-long settlement conference and ultimately reached the agreement memorialized in the settlement agreement now before the Court.

The agreement for the Court's approval provides that a claims administrator will administer a settlement fund of $290,000 to resolve the claims of the seventy-one class members. (*See* Doc. 50-1, at 10–11 (listing members).) All amounts to be paid by Cathedral Energy, including attorney's fees and claims administration costs will come out of the settlement fund. The individual settlement amounts will be calculated based on the number of weeks each class member worked for Cathedral Energy after March 22, 2014, which the parties represent was the likely start date

of the statute of limitations. A $100 minimum payment will be paid to class members with claims outside the limitations period.

Cathedral Energy also agrees to pay Plaintiffs' counsel 36% of the total fund as attorneys' fees and $17,473.81 for incurred costs, $17,105.81 of which was spent locating and notifying class members of the action. To reflect their service to other class members in bringing this lawsuit, each of the named Plaintiffs will receive $6,000 as an additional service award. Any amounts not approved for fees, costs or service awards will be redistributed on a proportionate basis among the class members. After fees, costs and service awards, the parties anticipate that $151,126.19 will be distributed to the seventy-one class members—an average of $2,128.53 per member. The parties represent that fifteen of the class members have time-barred claims and will receive the minimum payment of $100.

## II. ANALYSIS

When employees file suit against their employer to recover back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. 29 U.S.C. § 216; *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946)). "Requiring court approval of FLSA settlements effectuates the purpose of the statute, which is to 'protect certain groups of the population from substandard wages and excessive hours . . . due to the unequal bargaining power as between employer and employee.'" *Baker v. Vail Resorts Mgmt. Co.*, No. 13-CV-01649-PAB-CBS, 2014 WL

700096, at *1 (D. Colo. Feb. 24, 2014) (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To approve the settlement agreement, the Court must find that (A) the litigation involves a bona fide dispute, (B) the proposed settlement is fair and equitable to all parties concerned, and (C) the proposed settlement contains a reasonable award of attorneys' fees. *Lynn's Food Stores*, 679 F.2d at 1354. Finally, the Court must determine (D) "whether the settling plaintiff has used the class action claim for unfair personal aggrandizement in the settlement, with prejudice to absent putative class members." *Whittington v. Taco Bell of Am., Inc.*, No. 10-CV-01884-KMT-MEH, 2013 WL 6022972, at *2 (D. Colo. Nov. 13, 2013) (quoting *Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1314 (4th Cir. 1978)). The Court addresses these requirements in turn.

**A. Bona Fide Dispute**

Parties requesting approval of an FLSA settlement must provide the Court with sufficient information to determine whether a bona fide dispute exists. *Davis v. Crilly*, 292 F. Supp. 3d 1167, 1172 (D. Colo. 2018) (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1234 (M.D. Fla. 2010); *Baker*, 2014 WL 700096, at *1. To meet this obligation, the parties must present: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage. *Id.* (citing *Collins v.*

4

*Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 718 (E.D. La. 2008)). The mere existence of an adversarial lawsuit is not enough to satisfy the bona fide dispute requirement. *Id.*

Here, the parties have described the dispute, Cathedral Energy's business, and that Plaintiffs were supervisors and operators working in oilfields. The parties disputed whether overtime exemptions applied; the exact number of hours worked by each class member; whether liquidated damages or state law penalties were at play; the proper measure of damages; and the precise trigger date of the statute of limitations. The parties further required a day of negotiations to reach a resolution. The Court is satisfied the agreement resolves a bona fide dispute.

### B. Fair and Reasonable

To be fair and reasonable, an FLSA settlement must provide adequate compensation to the employees and must not frustrate the FLSA policy rationales. *Id.* at 1173. Courts weigh a number of factors on this consideration, including: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits and (6) the amount of the settlement in relation to the potential recovery. *Id.* (citing *Hargrove v. Ryla Teleservices, Inc.*, Case No. 2:11-cv-344, 2013 WL 1897027, at \*2 (E.D. Va. Apr. 12, 2013). There is a strong presumption in favor of finding a settlement fair. *Id.*

The settlement agreement resulted from arm's-length negotiations by experienced counsel. It will provide substantial relief to Plaintiffs and class members and eliminate the risks to both of pursuing this matter to trial, which may not take place for a year or more in the future. Significant obstacles exist if litigation continues and the settlement offers substantial and immediate relief. Many of the class members worked for Cathedral Energy years ago, making the applicable statute of limitations a heavily disputed issue. The agreement brings immediate and substantial compensation to the class members without the need for lengthy litigation. *See id.*; *see also Baker*, 2014 WL 7000096, at \*2.

The Court turns to whether the settlement agreement undermines the purpose of the FLSA: to protect employees' rights from employers who generally wield superior bargaining power. On this front, courts consider (1) the presence of other similarly situated employees; (2) a likelihood that plaintiffs' circumstances will recur; and (3) whether defendants had a history of non-compliance with the FLSA. *Baker*, 2014 WL 700096, at \*2. Here, the record shows that no other similarly situated employees have sought to join this action, and there were no allegations that Cathedral Energy's alleged failure to comply with the FLSA represented a continuing violation or is part of widespread conduct. (*See* Compl., Doc. 4.) The Court finds, therefore, that the settlements agreement provides adequate compensation to the employees and doesn't frustrate FLSA policy rationales. *See id.*

**C. Attorneys' Fees**

The FLSA entitles a prevailing plaintiff to recover "a reasonable attorney's fee . . . and costs of the action." 29 U.S.C. § 216(b); *see, e.g.*, *Gray v. Phillips Petrol. Co.*, 971 F.2d 591, 593 (10th Cir. 1992). The fee is mandatory, but the Court has discretion to determine the amount and reasonableness of it. *Wright v. U–Let–Us Skycap Serv., Inc.*, 648 F. Supp. 1216, 1218 (D. Colo. 1986). In common fund cases, it is standard to use a percentage method when calculating attorneys' fees. *See Gottlieb v. Barry*, 43 F.3d 474, 482–83 (10th Cir. 1994); *Barr v. Qwest Communications Co., LLC*, Case No. 01-cv-00748-WYD-KLM, 2013 WL 141565, *3–*4 (D. Colo. Jan. 11, 2013).

Here, the contingency payment of 36% of the fund is reasonable. *See Vaszlavik v. Storage Technology Corp.*, 2000 WL 1268824, *4 (D. Colo. Mar. 9, 2000) ("A 30% common fund fee award is in the middle of the ordinary 20%–50% range and is presumptively reasonable."); *see also, e.g.*, *Whittington*, 2013 WL 6022972, at *5–*6 (approving a contingency fee and expense award totaling 39% of the total fund).

**D. Unfair Personal Aggrandizement**

The agreement provides for a service award of $6,000 each to Plaintiffs for serving as the class representatives. This sum is consistent with others typically awarded in collective and class action settlements. *Whittington*, 2013 WL 6022972, at *6 (approving "very modest" incentive award of $7,500 in case where each class member received approximately $5,000); *Tennille v. W. Union Co.*, 2013 WL

6920449, at *14 (D. Colo. 2013) (approving incentive award of $7,500). Plaintiffs have been part of this lawsuit since its inception. The parties represent that they were instrumental in identifying the alleged wage violations and building the case. And their agreement to bring this suit as a collective action certainly did not accelerate their prospects for recovery. The service awards to be paid to them under the agreement are fair and reasonable.

## III. CONCLUSION

For the foregoing reasons, the joint motion for approval of settlement agreement (Doc. 50) is **GRANTED**. The settlement agreement (Doc. 50-1) is **APPROVED**. The unopposed motion for leave to restrict the settlement agreement (Doc. 51) is **GRANTED**. It is **ORDERED** that the Court maintain restriction of the Settlement Agreement (Doc. 50-1) to Level 1 access. It is further **ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

Dated: October 2, 2019.

BY THE COURT:

_____
Daniel D. Domenico
United States District Judge